UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD THRASH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:13 CV 775 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Ronald Thrash, a *pro se* prisoner, filed a habeas corpus petition challenging two prison disciplinary charges that were heard at the Indiana State Prison on May 3, 2013. Under case number ISP 13-04-332, the Disciplinary Hearing Body (DHB) found him guilty of Sexual Conduct in violation of B-216 and sanctioned him with the loss of 60 days earned credit time and demoted him from Credit Class 1 to Credit Class 2. Under case number ISP 13-04-333 the DHB found him guilty of Trafficking in violation of A-113, sanctioned him the loss of 120 days earned credit time, and demoted him from Credit Class 2 to Credit Class 3. Thrash raises three grounds, one which challenges the Sexual Conduct charge, the other two challenging the Trafficking charge.

As to the Sexual Conduct charge, Thrash argues that a female officer violated policy by entering his cell alone for the purpose of having sex with him. However, the violation of a prison policy is irrelevant because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). He also

argues that there was no evidence that he engaged in sexual conduct. However, there was. The female guard stated that when she entered the cell, Thrash was exposed for the purpose of having sex with her. Finally, he argues that there was no corroborating evidence to support the female guard's statement. However, corroborating evidence is unnecessary because "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). *See also McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (Even a conduct report alone can provide evidence sufficient to support the finding of guilt.)

As to the Trafficking charge, Thrash argues that it was a violation of due process that he was found guilty of Trafficking even though no marijuana or tobacco was presented at his hearing after he had requested it on the screening report. However, no marijuana or tobacco was confiscated and so none existed to present at his hearing. Thrash knows this. He also knows that he was found guilty based on the statement of a staff member who confessed to trafficking with him. Moreover, if there had been marijuana or tobacco to present at the hearing, it would not have been exculpatory evidence. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) (accused inmates have the right to present relevant, exculpatory evidence). Thus, it was not a due process error to have denied Thrash non-existent, inculpatory evidence.

Thrash also argues that it was a violation of due process for the hearing officer to have found him guilty of Trafficking in food stuffs. The Disciplinary Hearing Report

(DE # 2-1 at 3) makes no mention of food stuffs. The Conduct Report (DE # 2-1 at 2) makes no mention of food stuffs. Both mention tobacco and marijuana. Thrash was found guilty of Trafficking in tobacco and marijuana. The Incident Report (DE # 2-1 at 1) does mention food stuffs, but that is irrelevant. It also mentions tobacco and marijuana. The mere mention of food stuffs in the Incident Report is not a basis for habeas corpus relief overturning the finding that Thrash trafficked in tobacco and marijuana.

For the foregoing reasons, the court **DENIES** the habeas corpus petition pursuant to 2254 Habeas Corpus Rule 4, and dismisses this action. Clerk to enter final judgment.

                                        **SO ORDERED.**

Date: September 16, 2013

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT